IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN PRINCE,<br><br>    Plaintiff,<br><br>  v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>    Defendant. | 2:22-CV-01759-CCW |

**OPINION**

    Plaintiff Robin Prince brought this action against Defendant Lincoln Life Assurance Company of Boston ("Lincoln") seeking to recover long-term disability benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1] Before the Court is Lincoln's Motion to Dismiss, ECF No. 10, which Ms. Prince has opposed, ECF Nos. 12, 13. For the following reasons, Lincoln's Motion to Dismiss will be GRANTED.

**I.    BACKGROUND**

    On April 24, 2019, Ms. Prince became disabled from lumbar spondylolisthesis and radiculopathy. ECF No. 1 ¶ 7. She then applied for long-term disability benefits from Lincoln. Lincoln approved her application by letter, effective July 24, 2019. *Id.* ¶ 8. Approximately two years later, Lincoln began reviewing Ms. Prince's continued eligibility for these benefits. *Id.* ¶ 10. As part of its review, Lincoln retained a medical expert and vocational specialist. *Id.* ¶¶ 11-15. Based on their opinions, Lincoln informed Ms. Prince by letter that it was terminating her long-term disability benefits, effective July 20, 2021. *Id.* ¶ 16.

---

[1] The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Ms. Prince is suing under ERISA's civil enforcement provision, 29 U.S.C. § 1132.

Ms. Prince timely appealed Lincoln's decision to terminate her benefits. *Id.* ¶ 19. After hearing from additional medical experts, Lincoln upheld its decision in a letter dated April 20, 2022. *Id.* ¶¶ 19–23. The letter stated:

> Your employer's plan has a contractual limitations period of three months following the exhaustion of the administrative claims and appeals procedures. Which means that a lawsuit must be brought within three months after the date of this letter. The date on which the contractual limitations period expires for this claim is July 20, 2022.

ECF No. 11-2 at 8.[2] Specifically, Ms. Prince's employee welfare benefit plan ("the Plan") allows a participant who has exhausted the claims and appeals procedure to file a lawsuit until the later of "the last day of the 24-month claims period" or, as applicable here, "three months after the final notice of denial of your appealed claim is sent to you by the claims administrator." ECF No. 11-1 at 19.

On April 26, 2022, Ms. Prince sent a letter to Lincoln, requesting her claim file. ECF No. 13-1 at 1. On May 2, 2022, Lincoln responded that it was sending over a complete copy of the claim file. ECF No. 14-1 at 2. In the letter, the Lincoln representative added, "We trust this satisfies your request. If you have any questions regarding this matter, please contact me." *Id.* On June 20, 2022, Ms. Prince sent a letter informing Lincoln that she had not yet received the requested documentation. ECF No. 13-2 at 1. On July 5, 2022, the Lincoln representative responded, "You indicated that you received the email from us sending you information in response to your April 26, 2022 request, but the files were corrupted." ECF No. 14-1 at 1. Lincoln then sent over a complete copy of her claim file. *Id.*

---

[2] At the motion to dismiss stage, a court may consider "an undisputedly authentic document that a [party] attaches as an exhibit to a motion to dismiss if the [claims at issue] are based on the document." *In re Donald J. Trump Casino Sec. Litig. – Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1198 (3d Cir. 1993). Because the Plan is integral to Ms. Prince's Complaint, the Court may consider it at this preliminary stage.

2

On December 8, 2022, Ms. Prince filed a Complaint in this Court. ECF No. 1. She claims that Lincoln violated ERISA in denying her long-term disability benefits. *Id.* ¶ 27. She alleges that her condition of lumbar spondylolisthesis and radiculopathy constitutes a disability under the terms of the Plan, such that Lincoln acted improperly when it terminated her long-term disability benefits. *Id.* ¶¶ 7, 29. On February 24, 2023, Lincoln moved to dismiss the Complaint, arguing that Ms. Prince's claim is outside the Plan's limitations period. ECF No. 10 ¶ 3.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then

3

>       determine whether they plausibly give rise to an entitlement for
>       relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

**III.  DISCUSSION**

ERISA permits a participant in an eligible employee benefit plan to bring a civil action to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Although ERISA creates a cause of action, it does not provide a statute of limitations period by which a participant must bring suit. *See generally* 29 U.S.C. § 1132.  To fill this gap, courts look to the limitations period set forth in the employee benefit plan. *See Heimeshoff v. Hartford Life & Acc., Ins.*, 571 U.S. 99, 102 (2013).  Absent a law to the contrary, the parties' contractual limitations period will control, "as long as the period is reasonable." *Id.*

The Court finds that Ms. Prince's claim is time-barred.  A denial letter that discloses the limitations period provides the participant a fair opportunity to bring suit under ERISA, even if this period is for a relatively short amount of time. *Mirza v. Ins. Adm'r of Am., Inc.*, 800 F.3d 129, 136 n.6 (3d Cir. 2015) (citing *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1304 (11th Cir.1998) (ninety-day deadline to file suit was reasonable)).  In this case, Lincoln terminated Ms. Prince's long-term disability benefits on July 20, 2021.  Ms. Prince

4

timely filed an appeal, but Lincoln ultimately upheld its decision. On April 20, 2022, Lincoln sent a denial letter, advising Ms. Prince that, per the terms of the Plan, she had until July 20, 2022 to file a civil action. Ms. Prince failed to do so, despite the reasonable three-month limitations period. Instead, Ms. Prince filed her Complaint on December 8, 2022. Despite having notice of the Plan's limitations period, Ms. Prince did not timely file her civil action, and therefore, it is time-barred.

Ms. Prince argues that Lincoln retained unilateral control over the terms of the Plan, so the limitations period set forth in the Plan should not be considered an agreement between the parties. This argument is unpersuasive. First, "employers have large leeway to design disability and other welfare plans as they see fit." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003); *see also Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006). Thus, employers "are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995); *see also Saltzman v. Independence Blue Cross*, 384 Fed. App'x 107, 115 (3d Cir. 2010). Therefore, Ms. Prince's employer fairly acted within its discretion in setting the limitations period.

Second, Ms. Prince was eligible, not required, to participate in the Plan. ECF No. 11-1 at 4. She decided to participate in the Plan and, as a result, benefited by receiving two years of long-term disability benefits. Other courts have noted the contradictory position of allowing a "plaintiff to maintain an action to recover a benefit which was created by and exists solely because of the regulations of the [ERISA plan], while at the same time . . . deny[ing] effect to the conditions those same regulations place upon receipt of that benefit." *Stallings ex rel. Est. of Stallings v. IBM Corp.*, No. CIV. 08-3121(RBK/JS), 2009 WL 2905471, at *5 (D.N.J. Sept. 8, 2009) (quoting *Scheirer v. NMU Pension & Welfare Plan*, 585 F. Supp. 76, 79 (S.D.N.Y. 1984)). Therefore, Ms. Prince's

voluntary participation in the Plan and acceptance of benefits under the Plan foreclose her from arguing that she never agreed to the Plan's limitations period.

Ms. Prince further argues that the doctrine of equitable tolling should apply, such that the statute of limitations should be extended. She contends that after receiving the denial letter, she requested her claim file on April 26, 2022, but Lincoln delayed providing it until July 5, 2022. Under ERISA, an administrator must provide requested material to a participant "within 30 days after such request." 29 U.S.C. § 1132(c)(1). Given Lincoln's failure to provide her claim file in a timely manner as required, Ms. Prince argues that equitable tolling should apply.

Equitable tolling allows a plaintiff to avoid an otherwise applicable limitations period. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390 (3d Cir. 1994), *overruled in irrelevant part by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018). The doctrine of equitable tolling may be available in an ERISA action with respect to the deadline to file a lawsuit, if the participant "has diligently pursued both internal review and judicial review but was prevented from filing suit [within the specified period] by extraordinary circumstances." *Heimeshoff*, 571 U.S. at 114.

Ms. Prince has not demonstrated that she was prevented from timely filing her Complaint by extraordinary circumstances. Although there is some indication that Lincoln responded to the April 26th letter on May 2nd, the Court need not rely on this May 2nd letter in its decision. Ms. Prince did not reach out to Lincoln again until June 20, 2022, asking for the claim file. ECF No. 13-2 at 1. More importantly, Ms. Prince concedes that Lincoln provided a complete copy of her claim file on July 5, 2022—weeks before the limitations period expired—yet Ms. Prince did not file a lawsuit until six more months had passed. Therefore, because Ms. Prince has not

6

demonstrated that extraordinary circumstances prevented her from filing her Complaint in a timely manner, the Court does not find that the equitable tolling doctrine should apply to this case.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT Lincoln's Motion to Dismiss will be GRANTED, and Ms. Prince's Complaint will be DISMISSED WITH PREJUDICE given that amendment would be futile. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). An accompanying Order will follow.

DATED this 30th day of March, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record